PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CASE NO. 4:14cv189 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| STEVEN HINZ, *et al.*, ) | |
| ) | **MEMORANDUM OF OPINION AND** |
| Defendants. ) | **ORDER** |
| | [Resolving ECF No. 48] |

    The United States of America initiated the instant lawsuit to enjoin Defendant Steven R. Hinz from preparing federal tax returns for anyone other than himself, promoting an abusive scheme used to prepare and file fraudulent tax returns, and engaging in any other conduct in violation of internal revenue laws. ECF No. 1. On July 28, 2014, the case was referred to Magistrate Judge Kathleen B. Burke for preparation of a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b)(2). ECF No. 27. On July 29, 2015, the magistrate judge submitted a report and recommendation (ECF No. 49) recommending that the Court enter summary judgment in favor of the United States of America, and enter permanent injunctive relief pursuant to 26 U.S.C. §§ 7402(a), 7407, and 7408.

    Fed. R. Civ. P. 72(b)(2) provides that objections to a report and recommendation must be filed within 14 days after service. Objections to the magistrate judge's report were, therefore,

(4:14cv189)

due on August 17, 2015.[1] Defendant has not filed any objections to the magistrate judge's report and recommendation. Any further review by the Court would be a duplicative and inefficient use of the Court's limited resources. *Thomas v. Arn,* 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985); *Howard v. Secretary of Health and Human Services,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981).

Accordingly, the Court hereby adopts the magistrate judge's Report and Recommendation. Summary judgment is entered in favor of the United States of America. Moreover, the Court enters the following permanent injunction against Defendant Steven R. Hinz:

(1.) Pursuant to I.R.C. §§ 7402(a), 7407 and 7408, Hinz and his representatives, agents, servants, employees, attorneys, independent contractors, and anyone in active concert or participation with him, are enjoined from, directly or indirectly:

> (a.) acting as a federal tax return preparer or otherwise directly or indirectly preparing or filing, or advising or assisting in the preparation or filing of any federal tax return(s) and/or other related documents and forms for any other person or entity;
>
> (b.) engaging in any conduct that interferes with the proper administration and enforcement of the internal revenue laws;
>
> (c.) engaging in any other activity subject to penalty under I.R.C. § 6700,

---

[1] Under Fed. R. Civ. P. 6(d), three days must be added to the fourteen-day time period because Defendant was served the Magistrate Judge's report by mail. *See Thompson v. Chandler,* 36 F. App'x. 783, 784 (6th Cir. 2002). The cutoff moved to Monday, August 17, 2015, because the additional three days added pursuant to Fed. R. Civ. P. 6(d) resulted in objections being due Saturday, August 15, 2015. *See* Fed. R. Civ. P. 6(a)(1)(C) (continuing any time period which ends on a Saturday until the next day that is not a Saturday, Sunday, or legal holiday).

(4:14cv189)

    including organizing or selling a plan or arrangement and making a statement regarding the excludability of income or securing of any other tax benefit by participating in the plan that he knows or has reason to know is false or fraudulent as to any material matter;

    (d.) engaging in any activity subject to penalty under I.R.C. § 6701;

    (e.) directly or indirectly organizing, promoting, marketing, or selling any plan or arrangement that assists or incites taxpayers to attempt to violate internal revenue laws or unlawfully evade the assessment or collection of their federal tax liabilities, including promoting, selling, or advocating the use of false Forms 1099, including the positions that:

        (i.) taxpayers can draw on the Treasury of the United States to pay their tax debt or other debt using Forms 1099, bonded promissory notes, sight drafts, or other documents;

        (ii.) the issuance of a Form 1099 by a taxpayer to a creditor allows the taxpayer to claim that he or she has withholding of income taxes in the amount of the Form 1099 issued by the taxpayer; or

        (iii.) taxpayers have an account, possibly a secret account, with the Treasury Department which they can use to pay their debts or which they can draw on for refunds through a process that is often called "commercial redemption."

    (f.) Instructing or assisting others to hinder or disrupt the enforcement of internal revenue laws by filing frivolous returns based on "commercial redemption" or other frivolous arguments.

    (2.) Pursuant to I.R.C. § 7402, Hinz is enjoined from preparing his own federal tax returns claiming false income tax withholding and refunds based on amounts shown in false Forms 1099.

    (3.) Pursuant to I.R.C. § 7402, Hinz is enjoined from filing, providing forms for, or otherwise aiding and abetting the filing of frivolous Forms 1040 or Forms 1099 for himself or others, including the notarizing or signing of certificates of service or similar documents in

(4:14cv189)

connection with frivolous tax returns.

(4.) Pursuant to I.R.C. § 7402, Hinz is enjoined from representing anyone other than himself before the IRS and from providing materials containing frivolous arguments to any other person to assist them in representing themselves before the IRS.

(5.) Pursuant to I.R.C. § 7402, any Preparer Tax Identification Number(s) held by, or assigned to Hinz shall be revoked. Hinz is enjoined from applying for a Preparer Tax Identification Number in the future or using any Preparer Tax Identification Number(s) assigned to any other person.

(6.) Pursuant to I.R.C. § 7402, any Electronic Filing Identification Number(s) held by, or assigned to, Hinz pursuant to 26 C.F.R. § 1.6011-7, shall be revoked. Hinz is enjoined from applying for an Electronic Filing Identification Number in the future or using any Electronic Filing Identification Number(s) assigned to any other person.

(7.) The United States may engage in post-judgment discovery to ensure compliance with this Order.

(8.) The Court will retain jurisdiction over this action for purposes of implementing and enforcing this Order.

IT IS SO ORDERED.

August 27, 2015                         /s/ Benita Y. Pearson
Date                                    Benita Y. Pearson
                                        United States District Judge